UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ARNOLD BRYANT,

                        Petitioner,

- v -                                               Civ. No. 17-CV-1199
                                                                    (TJM/DJS)

SUPERINTENDENT, Eastern Correctional Facility,[1]

                        Respondent

**APPEARANCES:**                               **OF COUNSEL:**

ARNOLD BRYANT
Petitioner, *Pro Se*
Eastern Correctional Facility
Box 338
Napanoch, New York 12458

HON. LETITIA JAMES                   JAMES FOSTER GIBBONS, ESQ.
Attorney General for the State of New York    Assistant Attorney General
Attorney for Respondent
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

---

[1] Since filing the Petition, Petitioner has been transferred to Eastern Correctional Facility. Dkt. No. 17. The Clerk is directed to update the Court docket to name the Superintendent of Eastern Correctional Facility as Respondent since "the proper respondent in a habeas corpus petition is the officer having custody of the applicant." *Perich v. Mazzuca*, 2007 WL 2455136, at *1 (E.D.N.Y. Aug. 23, 2007) (citing Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts).

# **REPORT-RECOMMENDATION and ORDER**[2]

*Pro se* Petitioner Arnold Bryant was convicted upon a guilty plea of third-degree criminal sale of a controlled substance. SR 85;[3] Dkt. No. 8-1 at pp. 7-15. He was sentenced to a determinate prison term of five and a half years with three years of post-release supervision. Dkt. No. 8-1 at pp. 17-27. Petitioner presently seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Pet. He filed a memorandum of law in support of the Petition. Dkt. No. 3. Respondent opposes the Petition. Dkt. No. 7-1, Resp.'s Mem. of Law. Petitioner filed a Traverse. Dkt. No. 18. For the reasons that follow, this Court recommends that the Petition be **denied**.

## I. BACKGROUND

On November 14, 2014, Petitioner was named in a three-count indictment charging him with criminal sale of a controlled substance in the third degree. SR 1-3. Petitioner pled guilty to one count of third-degree criminal sale of a controlled substance. Dkt. No. 8-1 at pp. 7-15. As part of his plea, Petitioner waived his right to appeal. SR 4. He was then sentenced to a term of imprisonment of five and a half years with three years of post-release supervision. Dkt. No. 8-1 at pp. 17-27. Despite the waiver of his appeal rights, Petitioner filed a motion for an extension of time to appeal, which was denied by the Appellate Division. SR 6-7 & 20.

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] "SR" refers to state court records provided by Respondent. Dkt. No. 8. Additional transcripts were also provided and are cited here by reference to Dkt. No. 8-1.

On November 11, 2015, Petitioner filed a motion in Albany County Supreme Court to vacate the judgment of conviction pursuant to New York Criminal Procedure Law ("CPL") § 440.10. He raised a number of issues, including: (1) allegedly falsified lab reports that contributed to his conviction, and (2) ineffective counsel for pressuring him to plead guilty. SR 21-24. Petitioner then amended his filing and alleged several other claims, including: (1) an alleged conflict of interest stemming from his plea counsel's previous employment as an assistant district attorney; (2) an alleged conflict of interest that arose when his plea counsel allegedly shared an office with the counsel he previously dismissed; and (3) ineffective representation that resulted from the alleged conflict of interest. SR 27-32. On March 17, 2016, Albany County Supreme Court denied Petitioner's motion to vacate the judgment finding that Petitioner's claims should have been raised first on appeal. SR 34-39.

On August 31, 2016, Petitioner filed a second motion to vacate the judgment of conviction pursuant to CPL § 440.10 in Albany County Supreme Court. SR 43-51. The second motion reasserted the claims presented in the first motion, along with a number of new allegations, including that his prior counsel was ineffective due to his past employment with the "Street Crimes Unit," which allegedly built its case against Petitioner while the prior counsel was employed with the unit. SR 78-79. Furthermore, Petitioner alleged that the plea counsel's advice to plead guilty was due to his desire to cover up his efforts to incarcerate Petitioner by using falsified laboratory reports. SR 50-51. Petitioner also alleged that his plea counsel and previously fired counsel shared an office, which allegedly created a conflict of interest that led to ineffective assistance of

counsel. SR 49. On November 7, 2016, Albany County Supreme Court denied Petitioner's motion, determining that the newly-alleged issues could have been raised in the earlier post-judgment motion and were without merit. SR 85-88. On November 7, 2017, Petitioner sought leave to appeal which was denied by the Appellate Division, Third Department on January 6, 2017. SR 90-94 & 100. Petitioner sought reconsideration of this application which was denied. SR 109 & 112.

## II. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). A federal court may not grant *habeas* relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The Second Circuit has summarized the application of the standard of review under AEDPA as follows:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court

4

> ruled?  2) If so, was the state court's decision "contrary to" that established Supreme Court precedent?  3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).  The standard of review under § 2254(d) is "highly deferential" and "demands that state-court decisions be given the benefit of the doubt."  *Renico v. Lett*, 559 U.S. 766, 773 (2010).  "[A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."  *Harrington v. Richter*, 562 U.S. 86, 103 (2011).

The phrase "clearly established Federal law" refers to "the holdings, as opposed to the dicta, of th[e] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" established Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by th[e] Court on a question of law or if the state court decides a case differently than th[e] Court has on a set of materially indistinguishable facts."  *Id.* at 413.  A state court decision is an "unreasonable application" of established Supreme Court precedent "if the state court identifies the correct governing legal principle from th[e] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id.*  AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. §

5

2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001).

## III. DISCUSSION

Respondent seeks dismissal of the Petition on the ground that the claims asserted have been procedurally defaulted and, also, on the merits. Resp.'s Mem. of Law at pp. 6-18. Considered on the merits, Petitioner's claims provide no basis for relief and so the Court recommends that the Petition be dismissed.[4]

### A. Grand Jury Claims Are Not Cognizable

Petitioner claims that fraudulent lab reports were used to gain a grand jury indictment against him. Pet. at. p. 5. As Respondent points out, it is not clear that the "reports" Petitioner is referring to are actually lab reports at all, rather than evidence documentation forms. *See* Resp.'s Mem. of Law at p. 10. The Court need not resolve that issue to address this claim, however, since claims regarding grand jury proceedings may not be presented in a habeas proceeding.

Petitioner contends that the documents presented to the grand jury were fabricated and thus prejudicial, Pet. at p. 5; Traverse at p. 9, but such irregularities are not cognizable in a federal habeas corpus petition. *Merritt v. Chappius*, 2015 WL 5711961, at *15 (N.D.N.Y. Sept. 29, 2015) (finding claim of presentation of perjured testimony to grand jury not cognizable in a federal habeas corpus petition). The Second

---

[4] Respondent's procedural default argument is raised based on the state court decisions in the record partially denying Petitioner's section 440 motions on the ground that the arguments advanced could have been raised on appeal. *See* SR 34-39. The record reveals, however, that Petitioner waived his right to appeal and that no direct appeal of his conviction was litigated. SR 4. In light of this fact, the Court has chosen simply to address the merits of Petitioner's arguments.

6

Circuit has held that claims arising from a grand jury proceeding are non-cognizable on habeas review because any alleged prejudice from deficiencies in the grand jury proceedings is cured by a subsequent conviction after trial. *See Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (stating that under *United States v. Mechanik*, 475 U.S. 66 (1986) "claims concerning a state grand jury proceeding are *a fortiori* foreclosed in a collateral attack brought in a federal court"); *Merritt v. Chappius*, 2015 WL 5711961, at *15; *Ariola v. LaClair*, 2008 WL 2157131, at *12-13 (N.D.N.Y. Feb. 20, 2008) ("Courts in this Circuit have held that *Lopez*'s reasoning applies equally to a conviction based on a plea of guilty and accordingly have held that a defendant's guilty plea cured any possible deficiency in the grand jury proceeding.") (collecting cases).

Petitioner's grand jury claims, therefore, should be dismissed.

**B. Petitioner Has Failed to Establish Ineffective Assistance of Counsel**

"To establish ineffective assistance of counsel 'a defendant must show both deficient performance by counsel and prejudice.'" *Premo v. Moore*, 562 U.S. 115, 121 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). Deficient performance requires a showing that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "A court considering a claim of ineffective assistance must apply a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland v. Washington*, 466 U.S. at 689). A person challenging a conviction thus must show "that counsel made errors so serious that counsel was not functioning as the 'counsel'

7

guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. at 687.

Petitioner argues that he received ineffective assistance of counsel as a result of conflicts of interest on the part of his counsel during plea proceedings. He first argues that counsel had an actual conflict of interest due to a law partnership with Petitioner's original counsel. Pet. at p. 7. He also argues that a conflict of interest existed because counsel had at one time worked for the Albany County District Attorney's Office which prosecuted Petitioner. *Id.* at pp. 7 & 10. Neither of these claims form a basis for habeas relief.

Petitioner first claims that his defense counsel, Mr. Calderon, was "in private practice together" with the attorney he previously fired, Mr. Santiago*,* thus creating a conflict of interest. Traverse at p. 14. Petitioner supports this assertion by noting that the two attorneys listed the same business address. *Id.* (citing Dkt. No. 18-1 at pp. 16-18). In addressing one of Petitioner's section 440 motions, the state court specifically found that the two attorneys were not partners. SR at 37-38. "A state court's findings of fact are 'presumed to be correct' unless rebutted 'by clear and convincing evidence.'" *Drake v. Portuondo*, 553 F.3d 230, 239 (2d Cir. 2009) (quoting 28 U.S.C. § 2254(e)(1)). Petitioner's conclusory assertions to the contrary do not provide clear and convincing evidence of a partnership between counsel that might form a basis for a conflict.

In addition, the Court notes that merely sharing office space does not present a *per se* conflict of interest. "There is no conflict of interest merely because attorneys share office space and resources." *Ventry v. United States*, 2011 WL 2471390, at *7

8

(W.D.N.Y. June 22, 2011) (citing cases). Since sharing an office space does not always result in a conflict of interest, the Petitioner was required to show some evidence of deficient performance and prejudice that resulted from the situation. *Graham v. Ricks*, 2004 WL 768579, at*9 (N.D.N.Y. Apr. 7, 2004). "[I]n habeas cases the petitioner bears the burden of establishing that he is entitled to habeas relief." *Kimbrough v. Bradt*, 949 F. Supp. 2d 341, 350 (N.D.N.Y. 2013) (citing *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011)). Here, Petitioner fails to carry that burden because he offers no specifics of how the alleged relationship between the counsel, refuted by the record, resulted in either deficient performance or prejudice. "It is well-settled in this Circuit that vague and conclusory allegations that are unsupported by specific factual averments are insufficient to state a viable claim for habeas relief." *Id.* at 355 (citing cases); *see also Smith v. Ercole*, 2010 WL 6595338, at *22 (N.D.N.Y. June 16, 2010), *report and recommendation adopted*, 2011 WL 1748545 (N.D.N.Y. May 6, 2011) (quoting *Strickland v. Washington*, 466 U.S. at 689) ("vague and conclusory allegations of ineffective assistance of counsel are insufficient to overcome the 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'").

Petitioner also argues that Mr. Calderon's prior work for the District Attorney's Office created a conflict because counsel did not represent him zealously out of loyalty to his former employer. Pet. at pp. 7-8; Traverse at pp. 15-17. "To succeed on a claim of ineffective assistance based on his counsel's purported conflict of interest, the petitioner must show that his counsel 'actively represented conflicting interests' and

9

that 'an actual conflict of interest adversely affected his lawyer's performance.'" *Wolfson v. United States*, 907 F. Supp. 2d 418, 424 (S.D.N.Y. 2012) (quoting *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980)) (internal alterations omitted). Petitioner asserts, without evidentiary support, that counsel assisted to build the case against Petitioner while employed at the District Attorney's Office and then took on representation of Petitioner upon leaving that office. Traverse at pp. 15-17. "This assertion is not sufficient to meet his burden of demonstrating a conflict of interest that adversely affected his attorney's performance." *Wolfson v. United States*, 907 F. Supp. 2d at 424 (citing cases). That is because Petitioner's burden "cannot be met by speculative assertions of bias or prejudice." *Triana v. United States*, 205 F.3d 36, 41 (2d Cir. 2000). Significantly, courts recognize that "[t]he concerns about the use of privileged information that arise when a defense attorney joins the district attorney's office do not arise when a prosecutor becomes a defense attorney." *Halmond v. Lempke*, 2011 WL 2470520, at *5 (W.D.N.Y. June 20, 2011).

For these reasons, the Court recommends that Petitioner's ineffective assistance claim be dismissed.

### C. Petitioner Has Not Established That He Was Coerced Into His Guilty Plea

Petitioner alleges that his counsel "kept telling me to take the plea or get twenty seven years in prison." Pet. at p. 8. In his state court motions, Petitioner alleged that his counsel "kept pressuring [him] to take a plea." SR 23. The record before the Court now, however, dispels any claim of coercion.

"It is settled law that statements made in a plea allocution 'carry a strong presumption of verity.'" *Molina Rios v. United States*, 2019 WL 2524542, at *4 (W.D.N.Y. June 19, 2019) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). "[W]here a petitioner has explicitly stated in his allocution that he fully understands the consequences of his plea and that he has chosen to plead guilty after a thorough consultation with his attorney, a district court on habeas review may rely on the petitioner's sworn statements and hold him to them." *Scott v. Superintendent, Mid-Orange Corr. Facility*, 2006 WL 3095760, at *9 (E.D.N.Y. Oct. 31, 2006). The record in this case reflects that after being placed under oath, Petitioner specifically stated that he had fully consulted with his counsel regarding his plea and that he was satisfied with counsel's representation. Dkt. No. 8-1 at pp. 10-11. He also specifically disavowed any claim that he was being coerced into entering a plea:

> THE COURT: Now, Mr. Bryant, has any one threatened or forced you into doing this?
>
> THE DEFENDANT: No, they haven't.
>
> THE COURT: The decision to enter this plea is one you have made of your own free will?
>
> THE DEFENDANT: Yes.

*Id.* at p. 13. "Petitioner's sworn statements during the plea colloquy contradict the notion that he was dissatisfied with counsel and are contrary to the claims of ineffective assistance he now alleges." *Fifield v. Hunt*, 2009 WL 4730322, at *6 (W.D.N.Y. Dec. 4, 2009); *see also Linares v. Smith*, 2020 WL 3545119, at *6 (E.D.N.Y. June 30, 2020) ("Petitioner's statements regarding coercion are refuted by his assurances during the plea

11

colloquy that he was satisfied with counsel's services, that he had not been threatened or forced by anyone, . . . to enter the plea, and that he was pleading voluntarily and of his own free will."); *Little v. United States*, 2006 WL 2361723, at *7 (D. Conn. Aug. 15, 2006) (petitioner's "own sworn statements at plea colloquy . . . represented both that he was satisfied with his defense counsel, and that his plea was free and voluntary.").

These representations, together with the record evidence belie any claim of prejudice from alleged ineffectiveness. Here, Petitioner had faced three class B felonies, and his counsel negotiated a plea offer to just one of those felonies. SR 1-3; Dkt. No. 8-1 at pp. 7-27. The state court concluded that Petitioner received a "favorable plea offer . . . which significantly reduced [his] sentencing exposure and nothing in the record casts doubt on the effectiveness of the representation." SR 38. While Petitioner may have disagreed with his attorney's frank assessment of the situation, Petitioner's allegations do not amount to coercion. "Where, as here, counsel bluntly renders 'an honest but negative assessment of [a defendant's] chances at trial, combined with advice to enter the plea,' such statements do not 'constitute improper behavior or coercion' that would invalidate a plea." *Longale v. United States*, 2016 WL 6110478, at *4 (N.D.N.Y. Aug. 26, 2016) (quoting *United States v. Juncal*, 245 F.3d 166, 172 (2d Cir. 2001)).

For these reasons it is recommended that Petitioner's coercion claim be dismissed.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2);[5] and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such obligations shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 27, 2020
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[5] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, *and* (2) that the applicant has established a valid constitutional violation").